# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40996
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 17, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

                        Plaintiff–Appellee,

versus

JOSE LUIS HERNANDEZ,

                        Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:14-CR-816

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

A jury convicted Jose Hernandez of possession with intent to distribute

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40996

methamphetamine in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) and (b)(1)(A). Hernandez claims the evidence was insufficient to support the conviction, suggesting that he was an unwitting courier of the methamphetamine. We disagree.

The government was required to prove (1) possession, (2) knowledge, and (3) intent to distribute. *See United States v. Vasquez*, 677 F.3d 685, 694 (5th Cir. 2012). Hernandez has challenged only knowledge.

When the drugs are hidden in a vehicle, control alone is not sufficient to prove knowledge. *Id.* In such a case, we require "additional circumstantial evidence that is suspicious in nature or demonstrates guilty knowledge." *Id.* Circumstantial evidence of guilty knowledge includes, among other things, "nervousness, refusal or reluctance to answer questions, inconsistent statements, and obvious or remarkable alterations to the vehicle." *Id.* at 695. The high value of concealed drugs can also support guilty knowledge. *Id.*

The evidence showed that Hernandez was stopped at a checkpoint driving an SUV with 20.5 kilograms of methamphetamine valued as high as $369,000 hidden in the gas tank. When he approached the checkpoint, he appeared nervous. Inspection of the vehicle indicated that the rear seats had recently been removed, and a hole had been cut into the floor to access the gas tank. Hernandez gave several inconsistent statements about who owned the SUV and the purpose of his trip to Dallas. Further, after he was informed that anomalies had been discovered in the tank, his demeanor changed. The high value of the methamphetamine, Hernandez's nervous behavior, and the recent alterations to the vehicle provided circumstantial evidence supporting an inference of guilty knowledge. *See United States v. Ramos-Rodriguez*, 809 F.3d 812, 822, 824 (5th Cir. 2016); *United States v. Gil-Cruz*, 808 F.3d 274, 278 (5th Cir. 2015).

No. 15-40996

Other circumstantial evidence from which the jury could infer guilty knowledge included the numerous phone calls between the owner of the vehicle, "Martha," and Hernandez on the day he was arrested; the arrest of his acquaintance, Maribel Galaviz, only six weeks before, under almost identical circumstances; and Hernandez's ties to Galaviz, including several trips in the Envoy from Mexico to Dallas and the many phone calls between Galaviz and Hernandez in the months before their respective arrests. *See Gil-Cruz*, 808 F.3d at 277. Evidence of Hernandez's nervousness, inconsistent statements, and suspicious demeanor, combined with the high value of the methamphetamine, the recent alteration to the SUV, and his ties to Galaviz, viewed in the light most favorable to the verdict, was sufficient for the jury to find guilty knowledge. *See United States v. Kuhrt*, 788 F.3d 403, 413–14 (5th Cir. 2015), *cert. denied*, No. 15-517, 2016 WL 854223, *and cert. denied*, No. 15-6608, 2016 WL 854224 (U.S. Mar. 7, 2016); *Vasquez*, 677 F.3d at 694–95.

AFFIRMED.